D. Carl Ward, Appellant

from

Decree of Judge of Probate.

Kennebec.    Opinion, February 23, 1933.

McLean, Fogg & Southard, for appellant.
Robert A. Cony,
Samuel Titcomb,
George W. Heselton, for proponent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.    This case heard in the Superior Court was a probate appeal. Certain questions were submitted to the jury, one of which involved the issue whether the execution of the will of one Andrew D. Ward and the codicil thereto was the result of undue influence on the part of Addie B. Longley, the principal beneficiary. Another called for an answer as to the testator's soundness of mind. The jury found for the proponents of the will, and a decree in accordance with their verdict was entered by the presiding Justice. To the exclusion of certain evidence offered by the contestants an exception was taken, and this is the only error claimed and argued before this Court.

The testator left an estate of approximately $45,000, about half of which came to him through a waiver by him of the provisions of the will of his wife, who died a few years before him. The fifth paragraph of the testator's will reads as follows:

"All the rest, residue and remainder of my property, of whatever kind or nature, and wherever located or found, be it real, personal or mixed property, I give, devise and bequeath to my present housekeeper, Addie Blanchard Longley,

wife of Theodore W. Longley, Sr., in recognition of her willingness to come into my home and aid in making the later days of my life happy and comfortable, and also in recognition of the warm friendship that existed between her and my deceased wife."

The will of Mrs. Ward offered in evidence by the appellants, after providing for certain minor bequests to her husband and certain charities, left the major part of her estate to relatives. No mention of Mrs. Longley was made in the will. Counsel for the appellants contend that this omission has a tendency to refute the allegation in the testator's will that there was a warm friendship between his housekeeper and his wife, and that it also shows that the testator, in making the provision for Mrs. Longley, made possible in part by reason of money received from his wife's estate, was not really carrying out the desires of his wife.

As to the latter contention it is only necessary to say that the testator makes no claim that his bequest to Mrs. Longley was to carry out the wishes of his wife. He bequeathed her property which properly belonged to him and gave two reasons for doing so, first, because she had come into his home and taken care of him, and secondly, because of her friendship with his wife.

As to the first claim counsel argue very strenuously that the fact that Mrs. Longley was not mentioned by Mrs. Ward in her will is evidence that no such friendship as alleged by Mr. Ward existed. We do not think so. The failure of a testator to include as a beneficiary a wife, or a son, or a daughter, or even a near relative is a fact of importance in determining his state of mind toward such individual, who would under normal conditions be the natural object of his bounty. Wigmore on Evidence, Section 229. Likewise where property is disposed of to one outside of the immediate family circle, the reason for the gift may be shown to contradict a claim of unsound mind or undue influence. *In re Wells' Will*, 95 Vt., 16, 113 A., 822; *Glover* v. *Hayden*, 4 Cush., 580. The truth is that the inclusion by the testator of an outsider as one of the objects of his bounty is evidence of friendship between them. The significance of such a gift is that it is unusual. The converse, however, does not hold, and the omission of a close friend from a will is not,

under ordinary circumstances, evidence of any want of friendship. Fortunately in this life the basis of such relationship between individuals is usually not the hope or expectation by them of material gain.

The fact that Mrs. Ward chose to leave her property to relatives and omitted to include Mrs. Longley in her will has not even a remote bearing on the question of their friendship. The ruling excluding the will from evidence was correct.

*Exception overruled.*